

1

# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO

Antonia Perris
1597 Elmwood Ave.
Lakewood, OH 44107

CASE NO. 1:11CV2337

JUDGE: JUDGE NUGENT

Plaintiff (Pro-Se)

**COMPLAINT**

-vs-

**JURY DEMAND ENDORSED HEREON**

Cuyahoga County Board of Developmental Disabilities ("CCBDD")
1275 Lakeside Ave., East
Cleveland, OH 44114-1129

MAG. JUDGE BAUGHMAN

Association of Cuyahoga County Employees for Special Students ("ACCESS")
7530 Lucerne Drive - Suite 100
Middleburg Heights, OH 44130-6557

Ohio Education Association ("OEA")
25 East Broad Street
Columbus, OH 43215

North Eastern Ohio Education Association ("NEOEA")
5422 E. 96th Street - Suite 200
Garfield Heights, Ohio 44125-5330

Ohio Association of Developmental Disabilities Professionals ("OADDP")
591 Boston Mills Road - Suite 100,
Hudson, OH 44236

National Education Association ("NEA')
1201 16th Street, NW
Washington, DC 20036-3290

United States of America
U.S. Equal Employment Opportunity Commission
Cleveland Field Office ("EEOC")
AJC Federal Bldg. – Suite 3001
1240 East Ninth Street
Cleveland, OH 44199

Defendants

## COMPLAINT

### JURISDICTION:

1. This action is brought to this U.S. District Court for violations guaranteed Plaintiff under the Due Process Clause of the United States Constitution, where Plaintiff has been subjected to violations as protected there under where, including but not limited pursuant thereto, a state civil service employee must be given a pre-termination hearing prior to being discharged from such protected employment, as the circumstances analogous to this instant matter before this Court are set forth and mandated by the U.S. Supreme Court in **CLEVELAND BOARD OF EDUCATION v. LOUDERMILL, 470 U.S. 532 (1985) 470 U.S. 532.**

2. This action is also brought under Title VII of the Civil Rights Act of 1964, et seq., which covers employers with fifteen (15) or more employees, prohibiting national origin discrimination in employment and mandating that the Equal Employment Opportunity Commission of the United States of America investigate and issue a determination in connection with the enforcement of the federal prohibition against national origin discrimination.

3. This action is further brought under various federal and state statutes and causes of action arising out of violations of employment/labor laws, contractual rights of a public employee and a member of a union protected by collective bargaining agreements.

### AMOUNT IN CONTROVERSY:

4. The amount in controversy is in excess of Two Hundred and Fifty Thousand Dollars, excluding attorneys' fees, costs and punitive damages.

**PARTIES IN THIS ACTION:**

5. Antonia Perris (Plaintiff – Pro-Se), hereinafter referred to as Plaintiff or employee, is a naturalized citizen of the United States of America and has resided in the State of Ohio, County of Cuyahoga and City of Lakewood in excess of forty years. Prior to the filing of this instant action, Plaintiff was employed as a civil service employee for a period in excess of sixteen years by Defendant Cuyahoga County Board of Developmental Disabilities ("CCBDD") and was a dues paying member of Defendant Unions under her membership with the Association of Cuyahoga County Employees for Special Students ("ACCESS"), the National Education Association ("NEA"), the Ohio Education Association ("OEA"), the North Eastern Ohio Education Association ("NEOEA") and the Ohio Association of Developmental Disabilities Professionals ("OADDP").

6. Cuyahoga County Board of Developmental Disabilities ("CCBDD"), hereinafter referred to as CCBDD or employer, is an agency of the State of Ohio, County of Cuyahoga, employing more than fifteen employees, where Plaintiff was employed for a period in excess of sixteen years (16) to on or about February 21, 2011.

7. Association of Cuyahoga County Employees for Special Students ("ACCESS"), hereinafter referred to as ACCESS or Union, is a union collective bargaining unit affiliated with the National Education Association ("NEA"), the Ohio Education Association ("OEA"), the North Eastern Ohio Education Association ("NEOEA") and the Ohio Association of Developmental Disabilities Professionals ("OADDP") and was recognized as the union representative of Plaintiff by said Defendants and Defendant CCBDD under a Collective Bargaining Agreement and State employment contractual

law.

8. <u>Ohio Education Association</u> ("OEA") - hereinafter referred to as OEA or Union. (See # 4 above incorporated herein by reference).

9. <u>North Eastern Ohio Education Association</u> ("NEOEA") – hereinafter referred to as NEOEA or Union. (See # 4 above incorporated herein by reference).

10. <u>Ohio Association of Developmental Disabilities Professionals</u> ("OADDP") - hereinafter referred to as OADDP or Union. (See # 4 above incorporated herein by reference).

11. <u>National Education Association</u> ("NEA") - hereinafter referred to as NEA or Union. (See # 4 above incorporated herein by reference).

12. <u>United States of America U.S. Equal Employment Opportunity Commission - Cleveland Field Office</u> ("EEOC"), hereinafter referred to as EEOC, is a federal agency of the USA, whose statutory purpose and mandate is to investigate, hear and determine civil rights law violations lodged by citizens of the United States of America.

## **RELEVANT DATES AND FACTS** (In part).

A. Date of commencement of employment with CCBDD: **November 7, 1994.**

B. Job classification: Classroom Assistant.

C. Original date of being placed on lay-off status: **June 12, 2011.**

D. First known action of National Origin discrimination: **July 07, 2009.**

E. Second known action of National Origin discrimination: **July 07-08, 2009.**

F. Grievance hearing with employer (CCBDD) and Union (ACCESS):**October 01, 2009.**

    i. Allegations made by employee included but were not limited to National Origin discrimination and contractual Seniority Recall rights from employee's lay-off status violations: **July 07, 2009 to October 01, 2009.**

G. Retaliation by employer and union in response to Grievance: **October 01, 2009 to date,** as set forth below:

  i. Blocked employment applications for available openings from consideration: **June, 2009 to date.**

  ii. By-passed Seniority Rights of employee, by hiring employees with lesser seniority: **June, 2009 to date.**

  iii. Wrongfully isolated Plaintiff as the only employee remaining on the Seniority List from the original lay-off event in concealment of the retaliatory intent to effectuate a wrongful and illegal termination of protected public employee rights: **At some point in time around September, 2009 (exact date unknown) continuing to this date and as this instant matter is pending.**

  iv. Wrongfully accused with manufactured charges of "neglect", illegally colluding to convert a usual peer to peer incident to a <u>Major Unusual Incident</u> (MUI) from a <u>Usual Incident</u> (UI), failing to follow required state legal reporting and documentation procedures for an MUI and subsequently falsifying documents: **February 12, 2010** and misrepresenting facts to reviewing governmental agencies in concealment of actual intent to defraud employee of her rights.

  v. Concealment and misrepresentations of facts to reviewing governmental agencies in concealment of intent to wrongfully terminate employee in retaliation for revealing systemic and intentional violations of state employment laws and civil rights violations against employees and union members: **October 01, 2009 to date.**

  vi. Employer and Union colluded to conceal wrongful, illegal, fraudulent and unethical conduct to deprive employee of her employment rights:

  vii. An employer scheduled **LOUDERMILL** hearing indefinitely suspended by employer, in collusion with Union, immediately after having been provided with employee's list of material witnesses to be subpoenaed: **May 03, 2010**.

  viii. Prevented from attending continuing education state certification classes required to maintain state license with written threat of arrest for criminal trespassing: **August 15, 2011.**

H. Wrongful termination of employment: **February 21, 2011,** in violation of contractual obligation to guarantee Seniority Rights and employment to **October 31,2011** as further guaranteed and protected by Union and state employment law.

I. Incorporated herein by reference as fully rewritten are the relevant facts and dates (in part) contained in paragraphs "A" through "H", as allegations against Defendants CCBDD and Union(s) in this instant action.

See Exhibits "A", "B", "C" and "D", attached hereto and incorporated by reference as fully rewritten.

Exhibit "A" – Cover letter to EEOC/Ms. Coates in re: ACCESS and CCBDD Complaints.

Exhibit "B" – EEOC Intake Questionnaire for ACCESS Complaint No. 532-2011-00563.

Exhibit "C" – EEOC Intake Questionnaire for CCBDD Complaint No. 848-2011-28489.

Exhibit "D" – Notice of Attorney Simakis to EEOC/Ms. Denielia Coates of continuing Civil Rights and **LOUDERMILL** due process of law violations while the matter was pending.

## FIRST CAUSE OF ACTION:

13. On or about February 21, 2011, while a protected civil service employee of CCBDD on temporary lay-off status, Plaintiff was effectively terminated from her employment of sixteen (16) years through wrongful manipulations of her said employer and her union, ACCESS, as affiliated with Union(s), without personal notice to her, nor a pre-termination hearing, as such is mandated in application of the due process of law as explained by the U.S. Supreme Court in **CLEVELAND BOARD OF EDUCATION v. LOUDERMILL, 470 U.S. 532 (1985) 470 U.S. 532**. Incorporated by reference as fully rewritten, are the allegations contained in the SECOND and subsequent CAUSES OF ACTION, set forth herein below.

## SECOND CAUSE OF ACTION:

14. On or about January 24, 2011, Plaintiff filed Civil Rights violation charges against Defendants ACCESS and CCBDD and such charges were docketed by the EEOC accordingly, under EEOC Case No's. 532-2011-00563 (ACCESS) and 846-2011-28-489 (CCBDD). Incorporated by reference as fully rewritten is Exhibit "A" attached hereto and made a part hereof, containing the charges lodged in EEOC Case No's. 532-2011-00563 (ACCESS) and 846-2011-28-489 (CCBDD) by Plaintiff against CCBDD and ACCESS. Such charges are further hereby incorporated herein by reference in this instant matter as allegations against CCBDD, ACCESS, NEA, OEA, NEOEA and OADDP, as fully rewritten.

15. On or about March 28, 2011, Plaintiff requested her attorney, George K. Simakis, Esq., to enter an appearance in the EEOC matters, for the purposes of supplementing the above referenced charges against the charged parties, there upon notifying the

EEOC of contemporaneously continuing acts and omissions of the Charged parties towards colluding to effectuate her wrongful termination, charging such acts and omissions were not only in violation of the due process of law mandate, as declared in the U.S. Supreme Court case, **CLEVELAND BOARD OF EDUCATION v. LOUDERMILL, 470 U.S. 532 (1985) 470 U.S. 532** (hereinafter referred to as **LOUDERMILL**), but such acts and omissions were a continuation of the Civil Rights violations under the originally filed EEOC charges, such taking place while those charges were pending before the EEOC. Such supplemental allegations are hereby incorporated by reference as fully rewritten as allegations against Defendants CCBDD, ACESS, NEA, OEA, NEOEA and OADDP.

See Exhibit "C" being a true copy of the said March 28, 2011 notice to EEOC, hereby incorporated by reference as fully rewritten

## THIRD CAUSE OF ACTION:

16. On or about January 24, 2011, Plaintiff filed Civil Rights violation charges against Defendants ACCESS and CCBDD and such charges were docketed by the EEOC accordingly under EEOC Case No's. 532-2011-00563 (ACCESS) and 846-2011-28-489 (CCBDD). Incorporated by reference as fully rewritten is Exhibit "A" attached hereto, containing the charges lodged in EEOC Case No's. 532-2011-00563 (ACCESS) and 846-2011-28-489 (CCBDD), against CCBDD and ACCESS.

17. To the best of information known to Plaintiff, necessary to form a reasonable belief, no action whatsoever was undertaken by Defendant EEOC on behalf of the Plaintiff Charging Party to this date in connection with the federal statutory mandate to investigate and come to a determination of the charges lodged by Plaintiff in EEOC

Case No's. 532-2011-00563 (ACCESS) and 846-2011-28-489 (CCBDD), whereas this Honorable Court is requested to determine whether or not, as is believed and hereby alleged by Plaintiff herein, that such inaction is steeped in negligence, bias, prejudice, and/or worse, steeped in an intentional and wrongful effort to collude with CCBDD and Union(s) to cover up and or conceal the Civil Rights violations alleged by Plaintiff and the requirement of a pre-termination hearing as mandated in the **LOUDERMILL** decision, whereupon, if such conclusion is reached by this Honorable Court, Plaintiff thereby incorporates the allegations contained in the FIRST CAUSE OF ACTION as allegations against Defendant EEOC as fully rewritten.

**FOURTH CAUSE OF ACTION:**

Plaintiff hereby incorporates the allegations contained in her FIRST, SECOND and THIRD CAUSES OF ACTION as if fully rewritten and avers that, as a direct and proximate cause of the wrongful acts and omissions of the named Defendants, such have caused her to lose her job, her income, health insurance and other employee benefits, deprived of her career, forced into poverty with the loss of her professional integrity, good reputation, personal and credit card indebtedness, the inability to pay her debts, attorneys' fees and the inability to pay them, good credit rating and inevitably forcing her to seek public assistance and bankruptcy.

Additionally, the wrongful acts and omissions of the Defendants have prejudiced her mental, emotional and physical health, family life, with regard to her personal obligations and most regrettably to her duty towards providing for the care and financial needs of her totally disabled daughter, age 34, whom she has raised as a single working parent since birth.

**WHEREFORE,** Plaintiff demands judgment against Defendant(s), jointly and severally for an amount in excess of Two Hundred and Fifty Thousand Dollars, as follows:

(A) Actual damages, costs and attorney's fees incurred by Plaintiff as a result of Defendant(s) actions.

(B) Punitive damages, attorneys' fees, and costs as a result of Defendant(s) wrongful acts and omissions.

(C) The restoration of her protected civil service employment rights and benefits.

(D) Appoint a Prosecuting Attorney to investigate and prosecute Civil Rights violations as perpetrated by Defendants.

(E) Appoint an Attorney to represent Plaintiff in this instant action.

(F) Any other relief, as this Honorable Court may deem appropriate in the interests of justice,

Respectfully submitted,

*Antonia Perris*
Antonia Perris - Plaintiff Pro-Se
1597 Elmwood Ave.
Lakewood, OH 44107

Tel: 216 228 9117

## JURY DEMAND ENDORSED HEREON

Plaintiff hereby demands a trial by jury in this action.

*Antonia Perris*
Antonia Perris - Plaintiff Pro-Se
1597 Elmwood Ave.
Lakewood, OH 44107

Tel: 216 228 9117