UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ANTONIA PERRIS, | ) | CASE NO. 1:11 CV 2337 |
| | ) | |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| CUYAHOGA COUNTY BOARD OF | ) | |
| DEVELOPMENTAL | ) | |
| DISABILITIES, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

Before the Court is *pro se* plaintiff Antonia Perris's above-captioned *in forma pauperis* Complaint. Ms. Perris names Cuyahoga County Board of Developmental Disabilities (CCBDD); Association of Cuyahoga County Employees for Special Students (ACCESS); Ohio Education Association (OEA); North Eastern Ohio Education Association (NEOEA); Ohio Association of Developmental Disabilities Professionals (OADDP); National Education Association (NEA); and the Equal Employment Opportunity Commission (E.E.O.C.) as defendants. Ms. Perris asserts the defendants violated her rights under the Due Process Clause of the Constitution, discriminated against her based on national origin and retaliated against her

because she complained about such discrimination in violation of Title VII of the Civil Rights Act of 1964 and "various federal and state statutes . . . arising out of violations of employment/labor laws." (Compl. at 2.) The Complaint, to which she asks the Court to fully incorporate her attached E.E.O.C. Intake Questionnaire Answers, alleges the defendants wrongfully terminated her employment with CCBDD. She seeks compensatory and punitive damages in excess of $250,000.

*Background*

Ms. Perris describes herself as a naturalized citizen of the United States who was hired by CCBDD as a Classroom Assistant on November 7, 1994.[1] In June 2009, she was verbally advised of a possible layoff at the end of August 2009. During that period, Ms. Perris's oldest daughter was experiencing some difficulty in the course of her pregnancy. To assist her daughter, who lives in Greece, Ms. Perris reserved a plane ticket for herself and another daughter to fly to Greece on June 12, 2009 to care for her daughter. CCBDD allegedly advised Ms. Perris that she needed to be physically present "to respond to any interviews for positions available, within seven (7) days, or lose seniority rights." (Comp. at 3.) As a result, she decided to assign her power of attorney to paralegal Morris Novak. A copy of this arrangement was hand delivered to Joseph McCrone, President of the Association of Cuyahoga County Employees of Special Students (ACCESS), as well as to the employment office. Ms. Perris then departed for Greece with an "open return" date in the event she needed to immediately return for an available position.

On or about July 6, 2009, Ms. Perris's niece, Maryann Poulos, visited her home

---

[1] On the E.E.O.C. Intake Questionnaire, attached as Exhibit B of the complaint, Ms. Perris identifies herself as a "White, Greek born American citizen."

2

to check on security and any mail delivery. A mail man approached her and explained that a certified letter addressed to Ms. Perris had been returned to CCBDD a couple of days earlier because "the law required that certified letters be returned if undelivered for ten days." (Compl. at 4.) Ms. Poulos, a former CCBDD employee, determined she needed to telephone Ms. Christina Yoo in CCBDD's employment department regarding the contents of the certified letter. Ms. Yoo allegedly advised her that the letter was an official notice that Ms. Perris was laid off. She also allegedly complained to Ms. Poulos that "if [Ms. Perris] could afford to vacation in Greece, [she] . . . did not need a job and . . . [Ms. Yoo] was not going to be bothered making long distance calls or even considered [sic] anyone . . . . not in town . . . as there were a lot of local American people that needed a job that could not afford vacations." (Compl. at 4.). This conversation was relayed to Mr. Novak, who (on behalf of Ms. Perris) communicated his concerns to Mr. McCrone, accusing Ms. Yoo of discriminating against Ms. Perris based on her Greek nationality.

On the same date Ms. Poulos checked on Ms. Perris's home, CCBDD allegedly hired an employee with less seniority instead of "rehiring" Ms. Perris. She admits, however, that she was later recalled to replace the less senior employee "because of the exposure created through my complaints." (Pl.'s Ex. B.) Shortly after Ms. Perris returned to work, however, CCBDD charged her with a Major Unusual Incident (MUI) of "neglect." She alleges the charges were false and that CCBDD elevated the incident to a MUI when it should have been classified as a Usual Incident (UI). The charges resulted in her placement on administrative leave. After what she describes as " unprecedented and never before conducted investigation procedures at CCBDD"into the charges brought against her, CCBDD "unconditionally" recalled her to work "under the lay-off status."

3

On or about October 1, 2009, an informal grievance hearing was held wherein Ms. Perris alleged discrimination based on her nationality and violations of her "contractual Seniority Recall rights" while in lay-off status.[2] She was represented by attorney George Simakis and Morris Novak, while Ms. Yoo, Manager Celeste Bajorek and Joseph McCrone were also present. Her attorney presented a long list of grievances, of which "the majority . . . explicitly charg[ed] Ms. Yoo with discriminatory statements and actions." (Pl.'s Ex. B, at 6). Ms. Yoo took strong exception to the charges and "stormed out of the room." After the hearing, Ms. Perris complains that no one was reprimanded "for their discriminating [sic] and illegal acts." She claims CCBDD and ACCESS retaliated against "for having the audacity to retain an attorney for the purpose of exposing discrimination and abuse of power and demanding my rights." (Pl.'s Ex. B, at 7). Ms. Perris alleges that in spite of her "impeccable record" of employment, CCBDD blocked her from consideration for any available positions. She claims CCBDD and ACCESS colluded to deprive her of her right to placement for position based on her seniority. Ms. Perris claims she was the only employee left on the Seniority List, in spite of her repeated attempts to apply for open positions.

A few days after she was recalled to work, Ms. Perris was informed she would be "subject to a *Loudermill* hearing, as provided by law."[3] In preparation for the hearing, she hired an attorney who advised CCBDD that 34 witnesses would be subpoenaed for the hearing. Two

---

[2]   She claims she requested a formal hearing, but Labor Relations Manager, Barry Kuzmickas suggested he chair an informal hearing. Ms. Perris believes this was an attempt to hide CCBDD's discriminatory practices.

[3]   This is a reference to the Supreme Court's decision in *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532 (1985).

days before the May 10, 2010 hearing, however, CCBDD sent Ms. Perris an electronic message stating the hearing would be postponed indefinitely "and would only be reopened in the event that I was recalled back to work." (Compl. at 2.) Ms. Perris asserts this was a pretext because her employer never intended to recall her.

On January 24, 2011, Ms. Perris alleges she filed charges against ACCESS and CCBDD with the E.E.O.C. Although she attaches a copy of her E.E.O.C. Intake Questionnaire, there is no Notice of Right to Sue attached indicating that the investigation is complete or the nature of her charges.

On February 21, 2011, Ms. Perris learned from a co-worker that she had been removed from the CCBDD lay-off list, titled "PERS SENIORITY REPORT ACCESS STAFF ONLY." (Pl.'s Ex. D, at 1.) She claims she never received notice from CCBDD of this action, which effectively terminated her employment with CCBDD in violation of her rights as a public employee, union member and her rights under *Loudermill*. Ms. Perris maintains her seniority status is guaranteed by binding contract for two years from the date she believes she was originally laid off, or September 1, 2009. Moreover, she asserts that this date was extended, in writing, for an additional 64 days after she served on temporary assignment.

Ms. Perris alleges she asked her attoreny to enter an appearance on her behalf in her pending E.E.O.C. and supplement her charges. As a result, Mr. Simakis wrote a March 28, 2011 letter to the E.E.O.C., advising that the lay off list circulated at CCBDD was within days after the E.E.O.C. notified CCBDD and ACCESS that Ms. Perris intended to file a formal complaint against them with the E.E.O.C. (Pl.'s Ex. D, at 1.) He also alleged the document was "back dated" to show an October 4, 2010 effective date in order to interfere with Ms. Perris's

5

right to administratively appeal her termination in a timely manner.

*Standard of Review*

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[4] *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996).

Ms. Perris raises four causes of action: (1) wrongful termination of a protected civil servant without due process; (2) retaliation for filing discrimination charges with the E.E.O.C.; (3) E.E.O.C. failure to act on discrimination charges; and, (4) infliction of emotional distress. For the reasons stated below, OEA, NEOEA, OADDP, NEA, and the E.E.O.C. are dismissed from this action pursuant to section 1915(e).

*Civil Rights Defendants*

Ms. Perris asserts, in part, that the defendants violated her property right to employment under the Due Process Clause. Under the Fourteenth Amendment of the U.S. Constitution, "No State ... shall deprive any person of life, liberty, or property without due process of law." U.S. CONST. AMEND. XIV. To establish a procedural due process claim, Ms. Perris must

---

[4] A claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997); *Spruytte v. Walters*, 753 F.2d 498, 500 (6th Cir. 1985), *cert. denied*, 474 U.S. 1054 (1986); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th Cir. 1985).

6

show that: "(1) [s]he had a life, liberty, or property interest protected by the Due Process Clause; (2) [s]he was deprived of this protected interest; and (3) the state did not afford [her] . . . adequate procedural right prior to depriving [her] . . . of the (protected) interest." *Women's Medical Professional Corp. v. Baird*, 438 F.3d 595, 611 (6th Cir.2006). While she has not cited a basis for this Court's jurisdiction over her claims, 42 U.S.C. § 1983 provides relief if a plaintiff alleges: (1) that she was deprived of a right secured by the Constitution or laws of the United States, and (2) that she was subjected to or caused to be subjected to this deprivation by a person acting under color of state law. *See Flagg Bros. v. Brooks*, 436 U.S. 149, 155 (1978).

To assert a § 1983 claims, Ms. Perris must show that she was deprived of a federal right by a "person" acting under the color of state law. 42 U.S.C. § 1983. All of the defendants named in the complaint either represent local government or do not qualify as state actors. This is significant because state and local agencies are generally not considered "persons" under § 1983. *See Will v. Michigan Dept. of Police*, 491 U.S. 58, 71 (1989). To qualify as a "person" for the purpose of establishing §1983 liability, depends solely on "whether the plaintiff's constitutional rights have been violated as a result of a policy or custom attributable to the county or local government." *Holloway v. Brush*, 220 F.3d 767, 773 (6th Cir. 2000).

The defendants can only be held liable if its "official policy," not the acts of its executives or agents, were the source of Ms. Perris's alleged injury. As the Supreme Court has made clear:

> [A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as

7

an entity is responsible under § 1983.

*Monell v. Dep't of Social Serv.*, 436 U.S. 658, 694 (1978). Therefore, without an allegation that she was injured by defendants' policy or official custom the county or local agency "cannot be made liable by application of the doctrine of *respondeat superior.*" *Pembaur v. City of Cincinnati*, 475 U.S. 469, 477 (1986). The acts in question must be "acts which the municipality has officially sanctioned or ordered." *Id.* at 480. Acts will only be construed as official policy when they are those of a body or an official "responsible for establishing final government policy respecting such activity...." *Id.* at 483.

Ms. Perris has not alleged it was the defendants' official policy to terminate employees without due process, or a *Loudermill* hearing in particular. Furthermore, she suggests she suffered resistance from the union and her employer simply because she took the unique position of being represented by counsel during the grievance process. Ms. Perris's complaint neither names any final decisionmakers in the County, or implicate individuals in any county council or decisionmaking body. Consequently, "a state is beyond the reach of § 1983 as a matter of statutory construction, and cannot be liable for money damages arising from the alleged constitutional violation of its agents." *Lupo v. Voinovich*, 235 F.Supp.2d 782, 789 (S.D.Ohio 2002). Accordingly, Ms. Perris's § 1983 claims cannot succeed against any of the defendants named in her Complaint.

### *Title VII Defendants*

Title VII of the Civil Rights Act makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such

individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). While Ms. Perris may have an arguable claim against CCBDD and ACCESS based on national origin discrimination and retaliation, the same cannot be said about her claims against the remaining defendants.

The statute provides federal courts with three grants of jurisdiction. *See* 42 U.S.C. §§ 2000e-5(f)(3), 6(b), 16. These sections provide explicit remedies for individuals who believe that their employers have discriminated against them. As a threshold matter, none of these sections, authorizes an action against the E.E.O.C. "Title VII does not provide either an express or implied cause of action against the E.E.O.C. to challenge its investigation and processing of a charge." *McCottrell v. E.E.O.C.*, 726 F.2d 350, 351 (7th Cir.1984); *see Haddad v. E.E.O.C.*, No. 03-2357, 2004 WL 2203539 (6th Cir. Sept. 17, 2004)(Title VII does not provide cause of action against E.E.O.C. to challenge its handling of discrimination charges against former employer). Therefore, Ms. Perris cannot name the E.E.O.C. as a defendant in this action.

Ms. Perris's claims against the remaining defendants are subject to *sua sponte* dismissal because she has failed to allege any facts linking them to any discriminatory acts. While labor unions are subject to suit under Title VII, there are no allegations of any union involvement other than ACCESS. Nothing in the complaint points to any provision of the collective bargaining agreement that would be altered or violated if the court ordered CCBDD to bring an end to allegedly discriminatory behavior in the workplace. Accordingly, all of Ms. Perris's Title VII claims against OEA, NEOEA, OADDP and NEA are also dismissed.

*Conclusion*

Based on the foregoing, Ms. Perris's Motion to Proceed *In Forma Pauperis 9*

(Doc. No. 3) is granted. Defendants E.E.O.C., OEA, NEOEA, OADDP and NEA are dismissed from this action as party defendants pursuant to 28 U.S.C. § 1915(e). Only Ms. Perris's Title VII discrimination and retaliation claims, and any relevant state law claims, against CCBDD and ACCESS shall remain. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[5] The Clerk's Office is directed to forward the appropriate documents to the U.S. Marshal for service of process. The Clerk's Office shall include a copy of this order in the documents to be served upon CCBDD and ACCESS.

IT IS SO ORDERED.

_/s/ Donald C. Nugent 1/31/12_
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

---

[5] 28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.