IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Perris, | ) | CASE NO.: 1:11 CV 2337 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OPINION |
| Cuyahoga County Board of Developmental | ) | AND ORDER |
| Disabilities, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on the Motions of Plaintiff, Antonia Perris, to Alter or Amend Judgment pursuant to Fed. R. Civ. P. 59(e) and for Relief from Judgment pursuant to Fed. R. Civ. P. 60(b)(6). (ECF #60). For the reasons that follow, Plaintiff's Motions are denied.

In the instant Motions, Plaintiff asks this Court for relief from final judgment and to correct a manifest injustice "that occurred against the Plaintiff where the Defendants have violated her Constitutional 14th Amendment rights." (ECF #60 at 2) Specifically, Plaintiff asks this Court to hold a hearing to evaluate evidence of the alleged due process violation. (Id. at 3)

On December 11, 2013, this Court granted summary judgment in favor of Defendants on both counts of Plaintiff's Amended Complaint. (ECF #58) The Amended Complaint asserted claims of discrimination based on national origin (Count 1) and retaliation (Count 2) in violation of Title VII of the Civil Rights Act of 1964. Plaintiff did not assert a 14th Amendment due process claim in her Amended Complaint and this Court did not address any such claim in its December 11, 2013 Memorandum Opinion and Judgment.

Under Rule 60(b)(6) a court may relieve a party from a final judgment for "any other

reason that justifies relief." However the Sixth Circuit has cautioned that such relief should be granted only in rare instances:

> [R]elief under Rule 60(b) is circumscribed by public policy favoring finality of judgments and termination of litigation. This is especially true in an application of subsection (6) of Rule 60(b), which applies only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule. This is because almost every conceivable ground for relief is covered under the other subsections of Rule 60(b). Consequently, courts must apply Rule 60(b)(6) relief only in unusual and extreme situations where principles of equity mandate relief.

*Blue Diamond Coal Co. v. Trustees of UMWA Combined Benefit Fund*, 249 F.3d 519, 524 (6th Cir.), cert. denied, 534 U.S. 1054, 122 S.Ct. 643, 151 L.Ed.2d 562 (2001) (internal quotations and citations omitted).

Plaintiff has failed to provide any reason for this Court to provide relief from the December 11, 2013 Judgment. The Court will not "alter" a judgment or reopen a case in order to hold a hearing on a claim that was not before the Court at the time of judgment. There has been no change in the law or any other reason recognized under Rule 60(b) that would permit the Court to take such an action. As such, Plaintiff's Motions to Alter or Amend Judgment pursuant to Fed. R. Civ. P. 59(e) and for Relief from Judgment pursuant to Fed. R. Civ. P. 60(b)(6) (ECF #60) are DENIED. IT IS SO ORDERED.

/s/ Donald C. Nugent
DONALD C. NUGENT
United States District Judge

DATED: March 25, 2014